May it please the court, BBN Fell here for Petitioner Jose Hernandez-Mendoza. We are here today because the government would like my client, Mr. Hernandez, deported to Mexico because at the age of three his parents carried him into the United States. Counsel, did the petitioner get convicted of an aggravated felony? Under the statutory scheme which would be applicable in this case, which is 8 U.S.C. 1101, the particular crime that he was convicted of, which is not entirely clear in the record, was for a DUI. Under 1101A43, a DUI conviction is not considered an aggravated felony for purposes of immigration. Although Mr. Hernandez could at any time be used... Didn't he have a drug? Marijuana. A marijuana conviction for 30 ounces or something, 30 grams or something? He had a marijuana conviction for possession of 1.3 grams of marijuana, which is clearly less than 30 grams and is an amount that could make a single or possibly two marijuana cigarettes for personal use. And I have submitted a request for judicial notice before this Court that that conviction has since been dismissed and his civil rights restored unto him. So at this point, no, Your Honor, he does not have a conviction for 1.3 grams of possession. But he did at the time. He did at the time, yes, Your Honor. Was it an aggravated felony when the conviction was in effect? It is my belief it was not an aggravated felony. It was simple possession of 1.3 grams. Right. Mr. Hernandez could at any time be released to Mexico. He sits in jail today and for the past year hoping for the opportunity to present his case to an immigration judge. He was denied that opportunity below by the ineptitude of his counsel. Because he was charged with deportability for both being present in the hearing... Now, let me ask you this. What do you understand was supposed to have happened on that day of the hearing? My understanding, Your Honor, is that on that day and including prior to that day, his counsel was supposed to have submitted a 212-H waiver to get... An application for 212-H. Application, yes, for 212-H. And what else was he supposed to do? And submit, well, the 240-A application was already submitted. Right. He was supposed to also submit a brief or something explaining why he could apply for both waiver and relief. He was requested to submit the 212-H waiver. Instead, he submitted a brief. The immigration judge... I thought there was some question on the immigration judges whether you could get the same relief, apply for the waiver at the same time you're applying for the relief application. The judge did, in oral argument, express that concern. It was prior to having read briefs. It's not in the record that the immigration judge even read counsel's brief on the 212-H waiver. But he filed the brief and didn't file the application. That is correct. And apparently he misunderstood, as I understand the transcript, that he misunderstood what his obligation was. He said, that's my mistake. Yes, that's correct. In failing to file the application. That's correct. And the immigration judge subsequently gave him an additional day to file the 212-H application. But he said he didn't want to file it, didn't he? Didn't he say he wasn't going to file it? Initially, and to put this in context, when Petitioner decided that he wanted his counsel to file the 212-H waiver and it turned out to be a brief, he had four weeks to prepare the briefing and four weeks to think about that decision. And then on the day of the immigration hearing, the day that the immigration judge rendered his opinion, counsel initially said, yes, we will be filing the application by the end of the day, and then took a short recess, came back on that same day, at that same hearing, and completely retracted that prior statement. Why don't we need lozada compliance? Very frequently a lawyer knows something because of confidential lawyer-client communications. Occasionally there's something having to do with the lawyer getting paid that affects whether a lawyer does something. And until there's lozada compliance and waiver of the attorney-client privilege, the tribunal can never find out. Even though the record looks as though it's all the lawyer's fault, I can't tell if he's falling on his sword or whether there might have been a good reason because his client told him something. Well, this Court has held that the requirements of lozada are not a strict jurisdictional bar. And in addition, one of the factors that's very important in this case is that at the time, Mr. Hernandez could have been expected to comply with the lozada factors. He was in pro se. He had no attorney. And this Court has stated and recognized in prior cases that part of the reason having an attorney is so important in immigration. Wait a minute. What's critical here, though, is his ineffective assistance claim. Yes. I remember a case I once handled in the 70s where I found out in confidence my client disclosed to me she had committed perjury in her deposition. Major case-decisive perjury. Put a real damper on my filings for her. But nobody ever knew because I could not disclose in so many words that that is what had happened. And you have to read the ethics and figure out exactly what you do and don't do. It's real delicate unless somebody waives the privilege for you. The nice thing about lozada compliance is we can find out. And without finding out, I don't know why the lawyer dropped the ball. Yes, Your Honor, that is correct. The lawyer said we would submit the case for decision today, and the result was a deportation order because there was no application. Isn't that right? Yes. And subsequently. Wouldn't that appear to be a clear waiver? Well, no, because the immigration judge had in that same hearing indicated that he wasn't inclined to grant the waiver anyway. So the options any client would be looking at at this point is file an application which the judge said was going to be denied or hope for a better opportunity to argue the issue on appeal. And that is another area. That is an area where counsel. Without an application, you can't even consider it, can you? Well, his counsel was ineffective for that very reason. He failed to preserve the issue on appeal. The BIA subsequently denied the appeal on that basis alone, that the issue of whether or not he could file a 212-H waiver concurrently with a 240-A application would be acceptable to the court. It was on that very issue. The LaGuardia requirement that Judge Kleinfeld was discussing with you also triggers the government's argument that there was no motion to reopen here. That's correct. And they say that, well, this ineffect IAC claim has not been exhausted before the board. And some of our case law suggests that that is a preferred, it's not a jurisdictional requirement, but it's a preferred method of going because then you can develop the record. So what do you say about the government's argument there? It is a preferred method. And at the time that that petitioner should have filed a motion to reopen, he was proceeding in pro se. He had no attorney to advise him of required procedures. All he was informed of was that he had 30 days to file an appeal before this Court, and he took action on his own. It was not until after a few months had passed after filing a petition with this Court that he was appointed pro bono counsel. Well, let me ask you this. Is a motion to reopen required here to exhaust? Unless you exhaust your administrative remedies here in order to assert an IAC claim, as the government argues? Exhaustion of administrative remedies is only required if the remedy is as of right. Under CFR 1003.2a, the Code of Federal Regulations expressly says that a decision to deny a motion to reopen is discretionary. This Court has also held that a motion to reopen before the BIA is discretionary relief and does not remove jurisdiction on the grounds of failure to exhaust. And I would like to reserve the remainder of my time for rebuttal. Thank you, counsel. Thank you. May it please the Court. My name is Lyle Gensler. I represent the government today. The key to this case is, in fact, exhaustion and Lozada combined. Because the petitioner did not exhaust his administrative remedies, which he could have done. I thought in Castillo-Viagra we held squarely that a motion to reopen is not a necessary element of exhaustion. That was not an ineffective assistance claim, Your Honor. Here we're dealing more with ante veros, where the Court said you do have to do it. Now, counterpoint to that is Osegura, which is cited certainly in my brief. I believe in the other one, in which we've said we believe it was erroneously decided, but this case is distinguishable. In question to the ---- Did you petition for rehearing in that case or ---- My understanding is we did in Osegura, Your Honor, but ---- It's the law of the circuit. Yes, Your Honor. It is the law of the circuit. You're saying that you can raise an IAC claim with us directly. If it is clear on its face that there was ineffective assistance. That's what Osegura depended upon. That's not the case here. Here, there could have been a motion to reopen. Of course, the 90-day period for moving to reopen is not jurisdictional. This Court has held that in numerous cases, and it can be equitably told. One of the ways you equitably told it is through ineffective assistance. The reason that you have to do that is to provide a record to the Court, a record which we don't have here. We have no idea why this attorney did what he did. We do know, however, that just prior to his waiver, to his saying we're not going to do it, the judge had told him, it's very unlikely I will accept a fee waiver. Not a waiver, not unacceptable on the 1182H, the fee waiver, how much he had to pay. Two, do you understand that your client has been in detention, and that's going to extend this case. He's going to remain in detention. Three, it had just come out that he had an aggravated DUI conviction, which had not been charged yet. So you have all that, and take a chance, talk to your client. We don't know how long they talked for. We do know they consulted. And after all that, he came back and said, all right, we're not going to file it. Now, there is another reason. We 28J'd it, and it was rather late, and I apologize to the Court for that. An 1182H waiver would have done nothing in this case. That's a waiver of inadmissibility. This case in Becker and other cases, and the BIA said that's not enough to grant you or to make you eligible for cancellation of removal. That takes away a ground of inadmissibility. It does not expunge the conviction. That conviction, it's the marijuana conviction which was charged, not the DUI. That's never been charged, at least as of yet. That marijuana conviction would have remained accordingly, even if counsel had filed timely this 1182H waiver, which he was given the chance to do and he waived it after talking with client. It wouldn't have helped. He would still not have been eligible for cancellation of removal. I still don't understand that argument. Okay. Because it wasn't, it was only for one point-some-odd grams. It wasn't the 30 grams. Right. It wasn't completely barred. That 1182H waiver would have made him eligible to adjust status. That's getting your visa, all that. It's not cancellation of removal. That's a different creature, a horse of a different color. For cancellation of removal, you cannot have a drug conviction. It doesn't matter if it's an aggravated felony conviction. You can't have a drug conviction. This individual, Hernandez Mendoza, had a drug conviction. Had he filed an 1182H waiver and had it been granted, he would still have had a drug conviction. Now that I think about this a little bit, at least at that time, you may have been right, but doesn't it depend, she just told us that the conviction had been expunged. Apparently in January. Right. But we don't know why. If it was removed for purposes of immigration, for immigration reasons, it still counts. Yes. If it was expunged for some other reason, it doesn't count. That's correct, Your Honor. So we don't know. And again, that's why Lizard. But if he had filed the application, that whole issue would still be preserved, wouldn't it? No. Had he filed it, what would have happened? It would not have saved the cancellation. We would have had a different BIA decision just simply saying, as they did in Boldaris, you're not eligible. You've misunderstood. You have that conviction. And remember, that's before. That marijuana conviction was expunged two or three months, in January of 2007. I understand. Just recently. Well, not then. Right. He still would have been ineligible. Now what counsel apparently is saying is, two years later, I want to move to reopen. We're one, you know, based on that expungement. They can still do that in a way. They can apply to the district director and ask ICE, Immigration Customs Enforcement, will you join us in the motion to reopen because I don't have this conviction? That's your mechanism for doing that, not coming to this court. That's putting the cart before the horse. But again, the problem is, counsel's complaint is that her counsel was in, is that Hernandez-Mendoza's counsel at the hearing was ineffective. That complaint simply doesn't lie, and it hasn't been shown, and it can't be shown because of the failure to comply with Lozada. We just don't. Well, we don't, you know, our case law doesn't say that Lozada is. Sacrosanct. Right, sacrosanct. Every one of those cases, in every one of those cases, there was a strong indication of what had happened. If you look at Osagura, there was late filings which prevented the issue from ever being heard by this court. He was 31 days to file his petition for review, and he blew his motion to reopen because of voluntary departure after being warned of that. And the court held, this guy actually is in no relief because of that. That's obvious. It strikes me a bit odd that this fellow, if one of the concerns was he didn't want to remain in custody, would then immediately turn around when the order, when the removal order was entered and file a notice of appeal. He's still in custody. Makes no sense. That may very well be, but how can we make sense of it by Lozada? What did he and his attorney discuss? Why did his attorney not file that 1182H waiver? And on this record, we don't know. We can't know. The only way we could know is if he had filed the motion to reopen, complied with Lozada, gone to the board. The board might have said, we don't care. It's untimely. That would preserve the issue for this court. Then you've got an abuse of discretion issue for this court. But we're not at that point because they never did that. What we do know is that this court has repeatedly held that ineffective assistance of counsel can toll the period for filing a motion to reopen. That was the way they should have gone, but in this case, it's the way they had to go because without it, unlike in Osagura, there's just no way of knowing and of even speculating whether this guy was ineffective. We don't know what happened. He has never been given a chance to explain, and there's been plenty of time to do that. I am just about out of time. Subject to your questions, I will conclude. But I would ask this Court to deny this petition for review. There's just no showing of ineffective assistance on this record. Was he eligible for bail or voluntary departure? Was he eligible to be released from custody at the time? He had bond at one time. Then he came up with his DUI conviction. He was put back in. Right now, he's in post-removal relief, and I believe he's got to stay before this court, and that's why he can't be removed. Otherwise, we could have removed him a little bit quicker. He will get periodic hearings from ICE to see if he can be released. At least on bond. Say again, please, Your Honor? At least on bond. At least on bond. Yes, Your Honor. Subject to your remaining questions. What is the ‑‑ if I recall correctly, this is a grown son, and there was no affidavit that he supported his parents. What were his claims for hardship to somebody else? There were none. And that was ‑‑ I should have mentioned that before. That's another reason why counsel may not have proceeded with the 1182H. All he says is that I have parents. Your parents have to apply for that relief, don't they? Yes, they do, Your Honor. You can't apply for it yourself? Well, they have to do the adjustment on cancellation, which is what he was going after. If he can show there's exceptional and unusual hardship to the parents, he's eligible for cancellation. Can he apply? The way I remember it, if you've ‑‑ if I'm deportable and my deportation would cause a whole lot of hardship to my wife or my kids or my parents or whoever, they have to file something saying, please don't deport him. If you deport him, we'll be subject to hardship. That is not my understanding. That's not the way it works? He puts it in his cancellation application. He has to show why there is hardship. He testifies to it. He can bring in witnesses. He doesn't need them to sign something? No. For adjustment of status to get visas, they have to do it. Someone has to put in a visa petition for him, but that's not cancellation. But not on hardship? Not on hardship for cancellation. I am out of time. Subject to your remaining questions. That will conclude my argument. Thank you, Your Honor. Thank you, counsel. Your Honor, dual waivers under 240A and 212H are permissible. There is no language in the statute that prohibits use of the two sections together. Further, CFR 1240.11A assumes the ability to use the two statutes in conjunction with each other. It states, and I quote, in conjunction with any application for creation of status he or she may apply to the immigration judge for such waiver. End quote. Under 212H. What was the basis of, there has to be a plausibility of relief. It looks like he's a grown son. He has not put in an affidavit that he supports his parents. I didn't see an affidavit where he supports anyone else. And it looks like he's been involved with drugs and alcohol, albeit at a fairly low level. What was the plausible ground that would be something more than mere eligibility? Part of the problem, Your Honor, is that all of his grounds are not in the record because he did not receive a hearing on the merits. His application for cancellation of removal was denied on the sole ground that it was not accompanied by a 212H waiver. For that reason, we don't, it's not on the record, I may know, but it's not on the record exactly what else he would have been able to present to the immigration judge. And that's exactly what my client is asking for. He is asking for the ability to stand before a judge and have his application determined on its merits. This Court has held that. It's kind of circular. In order to show ineffective assistance, you have to show prejudice. In order to show prejudice, you have to show a plausible ground for relief that goes beyond mere eligibility. He says the reason I can't do that is the ineffective assistance of my lawyer, but you need it in order to get relief for ineffective assistance. In any way, no Lozada compliance. I'm kind of confused. Well, the standard before this circuit is that he has to show that it may have supported a different outcome of the proceedings. And this circuit has held that when an application is not filed or when an immigration judge does not affirmatively make an immigrant aware of the ability to apply for relief, that is so prejudicial that it does constitute reversible error, and it is a violation of Fifth Amendment due process rights. Your Honor, I would also like to go further on the dual waivers point. You have gone way over time, so just wrap it up in 30 seconds or so. Your Honor, my client sits in jail today and has for the last year only for the opportunity to be heard, and I would request that this Court remand to the immigration judge or alternatively to the Board of Immigration Appeals so that he may be given that day. Thank you. Thank you, counsel. Hernandez-Mendoza v. Gonzalez is submitted. We'll hear United States v. Martinez-Avina. Do you need a recess? That would be a good idea. We'll take a 10-minute recess before we hear this one. All rise. This Court is going to recess for 10 minutes.
judges: Kleinfeld, Paez, Hart